U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 07 2016

TONY R. MOORE CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **DERRICK CORPORATION** | **DOCKET NO.: 6:15-cv-01238** |
| **VERSUS** | **JUDGE DEE D. DRELL** |
| **SCREEN LOGIX, LLC, ET AL.** | **MAG. JUDGE CAROL WHITEHURST** |

## MEMORANDUM RULING AND ORDER

Before the court is a partial appeal of Magistrate Judge Whitehurst's June 22, 2016 ruling (Doc. 114) filed by the Defendants, Screen Logix, LLC, AXON EP, Inc. d/b/a Axon Energy Products and Jeffrey Walker. The Defendants seek reconsideration of Magistrate Judge Whitehurst's denial of their request to dismiss plaintiff's claim for indirect infringement of U.S. Patent No. 6,669,027 ("the 027 patent"). (Doc. 119).

Magistrate Judge Whitehurst held a hearing on June 22, 2016, during which she heard argument on the Defendants' partial motion to dismiss for failure to state a claim and a motion to stay. After argument on the motion to dismiss, Magistrate Judge Whitehurst ruled from the bench stating:

> I'm going to deny the motion to dismiss. As far as that argument goes, I do think it's an open issue. The Supreme Court in the <u>Aro</u> case dealt with a component part that was not patented. And I think there's enough case law out there, the <u>Warner</u> case, the <u>Hensley</u> case, that makes this an open issue.

(Doc. 115, p. 19). It is solely this ruling that the Defendants appeal.

The Defendants have filed a total of three motions seeking dismissal of this claim: one for partial judgment on the pleadings (Doc. 49), one for failure to state a claim (which is the subject of the instant appeal) (Doc. 86), and a renewed motion to dismiss raised in their reply brief, in light

of plaintiff's second amended complaint. (Doc. 136). In support of all three motions and this appeal, the Defendants argue that they cannot indirectly infringe on a patent absent direct infringement by the owners of the Derrick 500 Series, and the owners cannot directly infringe upon the patent in light of the "permissible repair" doctrine in light of Aro Mfg. Co. v. Convertible Top Replacement Co., 365 U.S. 336, 342-346 (1961).

Plaintiff has countered the motions and appeal by arguing the permissible repair doctrine is only applicable when the part being replaced is an unpatented element and cites cases such as Warner & Swasey Co. v. Held, 256 F.Supp. 303 (E.D. Wis.1966), R2 Medical Sys. Inc. v. Katecho, Inc., 931 F.Supp. 1397 (N.D. Ill.1996), and the United States Fifth Circuit Court of Appeals case of Hensley Equipment Co. v. Esco Corp., 383 F.2d 252, 260 (5th Cir. 1967) in support.

We review the appeal under the "clearly erroneous or contrary to law" standard found in Federal Rule of Civil Procedure 72(a).

The Defendants contend that the cases cited by plaintiff and relied upon by Magistrate Judge Whitehurst do not address the issue in this case and are not binding as they are neither Supreme Court nor Federal Circuit cases. Instead, they contend the Aro and Robert Bosch, LLC v. Alberee Products, Inc., 2016 WL 1180131 (D.Del. Mar. 16, 2016) control.

At issue in this appeal and all motions is whether the words "unpatented element" as used in the Aro holding should be read to limit the permissible repair doctrine. The Aro case involved a patentee who developed the automobile convertible top and he sought to prevent manufacturers from infringing upon his combination patent by selling replacement fabric for convertible tops. The Supreme Court noted:

> The principal, and we think the determinative, question presented here is whether the owner of a combination patent, comprised entirely of unpatented element, has a patent monopoly on the manufacture, sale or use of the several unpatented

components of the patented combination. More specifically, and limited to the particular case here, does the car owner infringe (and the supplier contributorily infringe) the combination patent when he replaces the spent fabric without the patentee's consent.

Id. 338-39. The Court held "maintenance of the 'use of the whole' of the patented combination through replacement of a spent, unpatented element does not constitute reconstruction."

A thorough reading of the Aro opinion, cases cited therein, dissenting opinions, and interpreting cases show that it is the patentee's failure to separately patent the fabric that results in the ability of the owner to use other replacement parts – the permissible repair. This is emphasized by Justice Harlan in his dissenting opinion:

> In reversing, the Court holds that there can be no direct infringement (and hence, of course, no contributory infringement) of a combination patent by replacement of any of the components of the patented entity unless (1) such component is itself separately patented or (2) the entire entity is rebuilt at one time.

Id. at 370. While the court acknowledges this statement is located in a dissenting opinion, the fact that Justice Harlan was present at the time the case was argued and likely debated among his fellow justices does not go unnoticed.

The Defendants are correct that we did not find a Supreme Court case or a Federal Circuit case which found indirect infringement by a defendant by selling a replacement part that infringed upon a separately held patent. All we found from the Supreme Court and Federal Circuit are cases with facts akin to Aro, where the patentee never sought to obtain a patent on the replacement part. However, what we found is that in cases where the patentee separately patented a replacement part of a combination patent, there is an open question when looking at district court cases.

In Bosch, the Delaware District Court held the "[a]nalysis of infringement liability under the permissible repair doctrine must be undertaken with respect to the patent at issue, as opposed to other patents not at issue." Id. at *6. However, in Warner & Swasey, R2 Medical, and Robert

3

Bosch, LLC v. Trico Products Corporation, 2014 WL 2118609 (N.D. Ill. May 21, 2014), the courts denied summary judgment noting that in light of the existence of the separate patent on one element of the combination patent, the owner may not have the implied license to permissibly repair the product.

Moreover, we note, as did Magistrate Judge Whitehurst, the Hensley Equipment Company, Inc. v. Esco Corp., 383 F.2d 252 (1967) case. Hensley was decided the same decade as Aro and prior to the time the Federal Circuit was established.[1] When the Fifth Circuit issued its ruling - "[s]ince in manufacturing and selling patented wear points Hensley infringed specific claims of the patent, it cannot be protected by the doctrine of legitimate repair" - it was aware of the implications of permissive repair and the Aro decision. Id. at 260. Nevertheless, it drew the distinction between the separately patented element and the unpatented element. That finding was never called into question by the Supreme Court (or the Federal Circuit) and remains good law in this Circuit today.

Given these findings, the undersigned is satisfied that the oral ruling of Magistrate Judge Whitehurst, denying the Defendants' partial motion to dismiss, comports with applicable law and jurisprudence.

It is therefore **ORDERED** that the Defendants' appeal is **DENIED** and **DISMISSED**.

It is further **ORDERED** that for the reasons expressed herein, the partial motion for judgment on the pleadings (Doc. 49) and renewed partial motion to dismiss (Doc. 137) are **DISMISSED** and **DENIED** as moot.

---

[1] The Defendants did not address this issue when arguing Hensley was no longer good law.

4

**THUS DONE AND SIGNED** at Alexandria, Louisiana this 7th day of September, 2016.

                                                    **DEE D. DRELL, CHIEF JUDGE**
                                                    **UNITED STATES DISTRICT COURT**